# EXHIBIT "A"

SERVE

8/26/2016

2016CVT001607 D2

# CITATION
(ORDER AUTHORIZING SUBSTITUTED SERVICE OF CITATION UNDER RULE 106)

**THE STATE OF TEXAS**
**COUNTY OF WEBB**

**NOTICE TO THE DEFENDANT:** "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PLAINTIFF'S ORIGINAL PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

**TO:** JUAN ALFONSO ALVARADO AMADOR BY SERVING THEIR INSURANCE AGENT:
COMMERCIAL ALLIANCE INSURANCE
415 LOCKHAVEN DR.
HOUSTON, TX 77073

**DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 111TH DISTRICT COURT** of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Plaintiff's Original Petition at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2016CVT001607D2, styled:

**MARIO A. VELAZQUEZ, PLAINTIFF**
**VS.**
**RUBEN DE LA ROSA MARTINEZ D/B/A CRUCES INTERNACIONALES MARTINEZ AND JUAN ALFONSO ALVARADO AMADOR, DEFENDANT**

Said Plaintiff's Original Petition was filed on 06/08/2016 in said court by:
GENE S HAGOOD, ATTORNEY FOR PLAINTIFF
1520 E HIGHWAY 6
ALVIN, TX 77511

**WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS,** Issued and given under my hand and seal of said court at office, this 26 day of July, 2016.

C L E R K   O F   C O U R T

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

_____ DEPUTY
Rene A. Gutierrez

2016CVT001607 D2

# OFFICER'S RETURN

Came to hand on the _____ day of _____, 2016 at _____ O'CLOCK _____.M. Executed at _____, within the COUNTY of _____ at _____ O'CLOCK _____.M. on the _____ day of _____, 2016, by delivering to the within named **JUAN ALFONSO ALVARADO AMADOR BY SERVING THEIR INSURANCE AGENT: COMMERCIAL ALLIANCE INSURANCE**, each, in person, a true copy of this citation together with the accompanying copy of the Plaintiff's Original Petition, having first attached such copy of such Plaintiff's Original Petition to such copy of citation and endorsed on such copy of citation the date of delivery.

The distance actually traveled by me in serving such process was _____ miles, and my fees are as follows:

Total Fee for serving this citation    $ _____.

To certify which, witness my hand officially.

_____
SHERIFF, CONSTABLE

_____ COUNTY, TEXAS

BY _____
                                DEPUTY

**THE STATE OF TEXAS }**
**COUNTY OF WEBB       }**

Before me, the undersigned authority, on this day personally appeared _____, who after being duly sworn, upon oath said that a notice, of which the above is a true copy, was by him/her delivered to _____ on the _____ day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of _____, _____, to certify which witness my hand and seal of office.

_____
NOTARY PUBLIC
MY COMMISSION EXPIRES _____

Filed
6/8/2016 1:29:58 PM
Esther Degollado
District Clerk
Webb District
Linda Torres
2016CVT001607D2

NO. _____

| | | |
|---|---|---|
| MARIO A. VELAZQUEZ | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WEBB COUNTY, TEXAS |
| | § | |
| RUBEN DE LA ROSA MARTINEZ D/B/A | § | |
| CRUCES INTERNACIONALES | § | |
| MARTINEZ AND JUAN ALFONSO | § | |
| ALVARADO AMADOR | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Mario A. Velazquez, hereinafter referred to as Plaintiff, complaining of Ruben De La Rosa Martinez d/b/a Cruces Internacionales Martinez and Juan Alfonso Alvarado Amador, hereinafter referred to as Defendants, and would respectfully show to the Court as follows:

1. Discovery is intended to be conducted under Level 3, Texas Rules of Civil Procedure, Rule 190.4.

2. Plaintiff is a resident citizen of Laredo, Webb County, Texas.

3. Defendant, Ruben De La Rosa Martinez d/b/a Cruces Internacionales Martinez, is a foreign business entity authorized to conduct business in the State of Texas and may be served by serving its Process Agent, Dora Esther Villarreal Carbajal, 5910 San Bernardo, Apt. 133, Laredo, Webb County, Texas 78041.

4. Defendant, Juan Alfonso Alvarado Amador, is an individual whose address is unknown at this time, but may served through the Process Agent for Ruben De La Rosa Martinez d/b/a Cruces Internacionales Martinez, to-wit: Dora Esther Villarreal Carbajal, 5910 San Bernardo, Apt. 133, Laredo, Webb County, Texas 78041.

5.   This Court has venue of this case in that the incident made the basis of this lawsuit and the acts and/or omissions that caused this incident occurred within the territorial limits of Webb County, Texas.

6.   It has become necessary for your Plaintiff to file this lawsuit to recover his damages arising from an incident that occurred on or about June 6, 2015, while Plaintiff, Mario A. Velazquez, was performing his work duties for U.S. Customs and Border Protection at the World Trade Bridge Port of Entry, Laredo, Texas. At all times, your Plaintiff was working on location at the Post Secondary Inspection area performing what is commonly referred to as "Tail Gate" inspections which includes opening trailers to physically inspect the loads. At that time, your Plaintiff was performing a "Tail Gate" inspection of Defendants' tractor/trailer, opened the trailer for visual inspection and, without warning, a pallet of the trailer's load (auto parts) fell on your Plaintiff causing serious injuries and damages. At all times, it is thought the Defendant, Juan Alfonso Alvarado Amador, was operating the tractor-trailer 18 wheeler commercial motor vehicle while in the course and scope and in the furtherance of the business affairs of his employer, Ruben De La Rosa Martinez d/b/a Cruces Internacionales Martinez. The incident made the basis of this lawsuit and the injuries and damages sustained by your Plaintiff occurred within the territorial limits of Webb County, Texas. Discovery is at its infancy in this case. Further information and evidence on these issues are, at this time, within the knowledge of Defendant(s) and not Plaintiff(s). However, this information can and will be obtained through legal discovery efforts that may possibly require additional or different allegations. Plaintiff(s) reserves the right to amend and/or supplement as allowed by the Texas Rules of Civil Procedure.

7. Plaintiff alleges that the incident in question and Plaintiff's resulting injuries and damages were proximately caused by the negligence, negligence per se and violations of the Federal and State Motor Carrier Safety Regulations by the Defendants.

### Negligence of Defendant, Juan Alfonso Alvarado Amador

8. Plaintiff alleges that at the time of the incident in question, Defendant driver, Juan Alfonso Alvarado Amador, committed acts and/or omissions of negligence that proximately caused the occurrence in question and Plaintiff's injuries and damages. The acts and/or omission are, singularly and in combination as follows:

- a) Improperly and inadequately securing and distributing the cargo and load (negligence per se);

- b) Operating a commercial motor vehicle with improperly distributed or inadequately secured cargo (negligence per se);

- c) Failure to inspect and ensure the cargo of the commercial motor vehicle is properly distributed and adequately secured (negligence per se);

- d) Failure to examine or reexamine the cargo in the commercial motor vehicle to ensure the cargo is properly distributed and adequately secured during the course of transportation (negligence per se);

- e) Failure to adjust the cargo or load securement devices, including adding more securement devices, to ensure the cargo is properly distributed and adequately secured during the course of transportation (negligence per se);

- f) Transporting an inadequately secured and distributed load (negligence per se);

- g) Failure to warn; and

- h) Violations of applicable provisions of the Federal and State Federal Motor Carrier Safety Regulations concerning, as applicable and as the evidence may show – Driver qualification, medical condition, hours of service, vehicle and equipment and cargo securement and distribution (negligence per se).

The above acts and/or omissions of negligence, singularly or in combination, proximately caused the occurrence in question and the injuries and damages sustained by your Plaintiff. Discovery is at its infancy in this case. Discovery is at its infancy in this case. Further information and evidence on these issues are, at this time, within the knowledge of Defendant(s) and not Plaintiff(s). However, this information can and will be obtained through legal discovery efforts that may possibly require additional or different allegations. Plaintiff(s) reserves the right to amend and/or supplement as allowed by the Texas Rules of Civil Procedure.

### Negligence of Defendant, Ruben De La Rosa Martinez d/b/a Cruces Internacionales Martinez

9. Plaintiff alleges that at the time of the incident in question, Defendant, Ruben De La Rosa Martinez d/b/a Cruces Internacionales Martinez, committed acts and/or omissions of negligence that proximately caused the occurrence in question and Plaintiff's injuries and damages. The acts and/or omission are, singularly and in combination as follows:

a) Negligent entrustment and/or negligence in providing the means for Defendant, Juan Alfonso Alvarado Amador, to be entrusted and/or provided the motor vehicle in question to an incompetent, unsafe, dangerous or reckless driver, along with applicable violations of the Federal and State Motor Carrier Safety Regulations (negligence per se), such negligence, and negligence per se, being a proximate cause of the collision and of the injuries and damages suffered by Plaintiff.

b) Improperly and inadequately securing and distributing the cargo and load (negligence per se);

c) Operating a commercial motor vehicle with improperly distributed or inadequately secured cargo (negligence per se);

d) Failure to inspect and ensure the cargo of the commercial motor vehicle is properly distributed and adequately secured (negligence per se);

e) Failure to examine or reexamine the cargo in the commercial motor vehicle to ensure the cargo is properly distributed and adequately secured during the course of transportation (negligence per se);

f) Failure to adjust the cargo or load securement devices, including adding more securement devices, to ensure the cargo is properly distributed and adequately secured during the course of transportation (negligence per se);

g) Transporting an inadequately secured and distributed load (negligence per se);

h) Failure to warn;

i) Violations of applicable provisions of the Federal and State Federal Motor Carrier Safety Regulations concerning, as applicable and as the evidence may show – Driver qualification, medical condition, hours of service, vehicle and equipment and cargo securement and distribution (negligence per se);

j) Requiring and/or permitting each of the acts and omissions identified above, as applicable and as the evidence will reveal; and

k) Failure to train, educate, retrain and reeducate the defendant driver concerning each of the acts and omissions identified above, as applicable and as the evidence will reveal.

The above acts and/or omissions of negligence, singularly or in combination, proximately caused the occurrence in question and the injuries and damages sustained by your Plaintiff. Discovery is at its infancy in this case. Further information and evidence on these issues are, at this time, within the knowledge of Defendant(s) and not Plaintiff(s). However, this information can and will be obtained through legal discovery efforts that may possibly require additional or different allegations. Plaintiff(s) reserves the right to amend and/or supplement as allowed by the Texas Rules of Civil Procedure.

8. As a result of the acts and/or omissions that caused the injuries and damages referenced above, your Plaintiff, Mario A. Velazquez, alleges that he sustained physical injuries and damages from which he now suffers and in all probability will continue to suffer

into the future in terms of physical pain, mental anguish, physical impairment, disfigurement, loss of earning capacity and the incurring of medical and hospital bills and expenses in the past and in the future and he therefore sues in an amount within the minimum jurisdictional limits of the Court, over $1,000,000.00.

9. The Plaintiff also sues for pre-judgment and post-judgment interest on the items of damages allowed by law.

10. Plaintiff demands a trial by jury on this case.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited in terms of law and that upon final hearing Plaintiff does have of, from and against Defendants for his damages in an amount in excess of the minimum jurisdictional limits of this Court, for pre-judgment and post-judgment interest, trial by jury, costs of court and for such other and further relief, general and special, in law and in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,
LAW OFFICE OF GENE S. HAGOOD
1520 E. Highway 6
Alvin, Texas 77511
(281)331-5757
Fax: (281)331-1105
Email: firm@h-nlaw.com

BY: /s/ Gene S. Hagood
GENE S. HAGOOD
SBOT # 08698400
Attorney for Plaintiff

NO. 2016CVT001607 D2

| | | |
|---|---|---|
| MARIO A. VELAZQUEZ | § § | IN THE DISTRICT COURT OF |
| VS. | § § | WEBB COUNTY, TEXAS |
| RUBEN DE LA ROSA MARTINEZ D/B/A CRUCES INTERNACIONALES MARTINEZ AND JUAN ALFONSO ALVARADO AMADOR | § § § § | 111TH JUDICIAL DISTRICT |

## ORDER AUTHORIZING SUBSTITUTED SERVICE OF CITATION UNDER RULE 106

BE IT REMEMBERED that on this day came on to be heard the application of Plaintiff in the above styled and numbered cause for authority to serve the Defendants, Ruben De La Rosa Martinez d/b/a Cruces Internacionales Martinez and Juan Alfonso Alvarado Amador, by serving their insurance company by substituted service as provided by Rule 106 of the Texas Rules of Civil Procedure.

It appears to the Court from the verified Motion for Alternate Service of Citation heretofore filed by Plaintiff that it is impractical to secure personal service of Citation on the Defendants, and that such Motion should be **GRANTED**. It is therefore,

**ORDERED** that service of Citation on the Defendants be made by serving the Citation, together with a copy of Plaintiff's Original Petition, on Commercial Alliance Insurance Co., 415 Lockhaven Dr., Houston, Texas 77073.

SIGNED on this the 10TH day of July, 2016.

_____
JUDGE PRESIDING

SERVE

2016CVT001607 D2

8/2/2016

# CITATION
(ORDER AUTHORIZING SUBSTITUTED SERVICE OF CITATION UNDER RULE 106)

**THE STATE OF TEXAS**
**COUNTY OF WEBB**

**NOTICE TO THE DEFENDANT:** "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PLAINTIFF'S ORIGINAL PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:   RUBEN DE LA ROSA MARTINEZ D/B/A CRUCES INTERNACIONALES MARTINEZ BY SERVING THEIR INSURANCE AGENT:
COMMERCIAL ALLIANCE INSURANCE
415 LOCKHAVEN DR.
HOUSTON, TX 77073

**DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 111TH DISTRICT COURT** of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Plaintiff's Original Petition at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2016CVT001607D2 , styled:

**MARIO A. VELAZQUEZ, PLAINTIFF**
VS.
**RUBEN DE LA ROSA MARTINEZ D/B/A CRUCES INTERNACIONALES MARTINEZ AND JUAN ALFONSO ALVARADO AMADOR, DEFENDANT**

Said Plaintiff's Original Petition was filed on 06/08/2016 in said court by:
GENE S HAGOOD, ATTORNEY FOR PLAINTIFF
1520 E HIGHWAY 6
ALVIN,   TX 77511

**WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS,** Issued and given under my hand and seal of said court at office, this 26 day of July, 2016.

C L E R K   O F   C O U R T

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

BY: _____ DEPUTY
Rene A. Gutierrez

2016CVT001607 D2

# OFFICER'S RETURN

Came to hand on the _____ day of _____, 2016 at _____ O'CLOCK _____.M. Executed at _____, within the COUNTY of _____ at _____ O'CLOCK ____.M. on the _____ day of _____, 2016, by delivering to the within named **RUBEN DE LA ROSA MARTINEZ D/B/A CRUCES INTERNACIONALES MARTINEZ BY SERVING THEIR INSURANCE AGENT: COMMERCIAL ALLIANCE INSURANCE**, each, in person, a true copy of this citation together with the accompanying copy of the Plaintiff's Original Petition, having first attached such copy of such Plaintiff's Original Petition to such copy of citation and endorsed on such copy of citation the date of delivery.

The distance actually traveled by me in serving such process was _____ miles, and my fees are as follows:

Total Fee for serving this citation    $ _____.

To certify which, witness my hand officially.

_____
SHERIFF, CONSTABLE

_____ COUNTY, TEXAS

BY _____
DEPUTY

**THE STATE OF TEXAS }**
**COUNTY OF WEBB     }**

Before me, the undersigned authority, on this day personally appeared _____, who after being duly sworn, upon oath said that a notice, of which the above is a true copy, was by him/her delivered to _____ on the _____ day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of _____, _____, to certify which witness my hand and seal of office.

_____
NOTARY PUBLIC
MY COMMISSION EXPIRES _____

Filed
6/8/2016 1:29:58 PM
Esther Degollado
District Clerk
Webb District
Linda Torres
2016CVT001607D2

NO. _____

| | | |
|---|---|---|
| MARIO A. VELAZQUEZ | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WEBB COUNTY, TEXAS |
| | § | |
| RUBEN DE LA ROSA MARTINEZ D/B/A | § | |
| CRUCES INTERNACIONALES | § | |
| MARTINEZ AND JUAN ALFONSO | § | |
| ALVARADO AMADOR | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Mario A. Velazquez, hereinafter referred to as Plaintiff, complaining of Ruben De La Rosa Martinez d/b/a Cruces Internacionales Martinez and Juan Alfonso Alvarado Amador, hereinafter referred to as Defendants, and would respectfully show to the Court as follows:

1. Discovery is intended to be conducted under Level 3, Texas Rules of Civil Procedure, Rule 190.4.

2. Plaintiff is a resident citizen of Laredo, Webb County, Texas.

3. Defendant, Ruben De La Rosa Martinez d/b/a Cruces Internacionales Martinez, is a foreign business entity authorized to conduct business in the State of Texas and may be served by serving its Process Agent, Dora Esther Villarreal Carbajal, 5910 San Bernardo, Apt. 133, Laredo, Webb County, Texas 78041.

4. Defendant, Juan Alfonso Alvarado Amador, is an individual whose address is unknown at this time, but may served through the Process Agent for Ruben De La Rosa Martinez d/b/a Cruces Internacionales Martinez, to-wit: Dora Esther Villarreal Carbajal, 5910 San Bernardo, Apt. 133, Laredo, Webb County, Texas 78041.

5. This Court has venue of this case in that the incident made the basis of this lawsuit and the acts and/or omissions that caused this incident occurred within the territorial limits of Webb County, Texas.

6. It has become necessary for your Plaintiff to file this lawsuit to recover his damages arising from an incident that occurred on or about June 6, 2015, while Plaintiff, Mario A. Velazquez, was performing his work duties for U.S. Customs and Border Protection at the World Trade Bridge Port of Entry, Laredo, Texas. At all times, your Plaintiff was working on location at the Post Secondary Inspection area performing what is commonly referred to as "Tail Gate" inspections which includes opening trailers to physically inspect the loads. At that time, your Plaintiff was performing a "Tail Gate" inspection of Defendants' tractor/trailer, opened the trailer for visual inspection and, without warning, a pallet of the trailer's load (auto parts) fell on your Plaintiff causing serious injuries and damages. At all times, it is thought the Defendant, Juan Alfonso Alvarado Amador, was operating the tractor-trailer 18 wheeler commercial motor vehicle while in the course and scope and in the furtherance of the business affairs of his employer, Ruben De La Rosa Martinez d/b/a Cruces Internacionales Martinez. The incident made the basis of this lawsuit and the injuries and damages sustained by your Plaintiff occurred within the territorial limits of Webb County, Texas. Discovery is at its infancy in this case. Further information and evidence on these issues are, at this time, within the knowledge of Defendant(s) and not Plaintiff(s). However, this information can and will be obtained through legal discovery efforts that may possibly require additional or different allegations. Plaintiff(s) reserves the right to amend and/or supplement as allowed by the Texas Rules of Civil Procedure.

7. Plaintiff alleges that the incident in question and Plaintiff's resulting injuries and damages were proximately caused by the negligence, negligence per se and violations of the Federal and State Motor Carrier Safety Regulations by the Defendants.

### Negligence of Defendant, Juan Alfonso Alvarado Amador

8. Plaintiff alleges that at the time of the incident in question, Defendant driver, Juan Alfonso Alvarado Amador, committed acts and/or omissions of negligence that proximately caused the occurrence in question and Plaintiff's injuries and damages. The acts and/or omission are, singularly and in combination as follows:

a) Improperly and inadequately securing and distributing the cargo and load (negligence per se);

b) Operating a commercial motor vehicle with improperly distributed or inadequately secured cargo (negligence per se);

c) Failure to inspect and ensure the cargo of the commercial motor vehicle is property distributed and adequately secured (negligence per se);

d) Failure to examine or reexamine the cargo in the commercial motor vehicle to ensure the cargo is property distributed and adequately secured during the course of transportation (negligence per se);

e) Failure to adjust the cargo or load securement devices, including adding more securement devices, to ensure the cargo is property distributed and adequately secured during the course of transportation (negligence per se);

f) Transporting an inadequately secured and distributed load (negligence per se);

g) Failure to warn; and

h) Violations of applicable provisions of the Federal and State Federal Motor Carrier Safety Regulations concerning, as applicable and as the evidence may show – Driver qualification, medical condition, hours of service, vehicle and equipment and cargo securement and distribution (negligence per se).

The above acts and/or omissions of negligence, singularly or in combination, proximately caused the occurrence in question and the injuries and damages sustained by your Plaintiff. Discovery is at its infancy in this case. Discovery is at its infancy in this case. Further information and evidence on these issues are, at this time, within the knowledge of Defendant(s) and not Plaintiff(s). However, this information can and will be obtained through legal discovery efforts that may possibly require additional or different allegations. Plaintiff(s) reserves the right to amend and/or supplement as allowed by the Texas Rules of Civil Procedure.

### Negligence of Defendant, Ruben De La Rosa Martinez
### d/b/a Cruces Internacionales Martinez

9. Plaintiff alleges that at the time of the incident in question, Defendant, Ruben De La Rosa Martinez d/b/a Cruces Internacionales Martinez, committed acts and/or omissions of negligence that proximately caused the occurrence in question and Plaintiff's injuries and damages. The acts and/or omission are, singularly and in combination as follows:

a) Negligent entrustment and/or negligence in providing the means for Defendant, Juan Alfonso Alvarado Amador, to be entrusted and/or provided the motor vehicle in question to an incompetent, unsafe, dangerous or reckless driver, along with applicable violations of the Federal and State Motor Carrier Safety Regulations (negligence per se), such negligence, and negligence per se, being a proximate cause of the collision and of the injuries and damages suffered by Plaintiff.

b) Improperly and inadequately securing and distributing the cargo and load (negligence per se);

c) Operating a commercial motor vehicle with improperly distributed or inadequately secured cargo (negligence per se);

d) Failure to inspect and ensure the cargo of the commercial motor vehicle is property distributed and adequately secured (negligence per se);

e) Failure to examine or reexamine the cargo in the commercial motor vehicle to ensure the cargo is properly distributed and adequately secured during the course of transportation (negligence per se);

f) Failure to adjust the cargo or load securement devices, including adding more securement devices, to ensure the cargo is properly distributed and adequately secured during the course of transportation (negligence per se);

g) Transporting an inadequately secured and distributed load (negligence per se);

h) Failure to warn;

i) Violations of applicable provisions of the Federal and State Federal Motor Carrier Safety Regulations concerning, as applicable and as the evidence may show – Driver qualification, medical condition, hours of service, vehicle and equipment and cargo securement and distribution (negligence per se);

j) Requiring and/or permitting each of the acts and omissions identified above, as applicable and as the evidence will reveal; and

k) Failure to train, educate, retrain and reeducate the defendant driver concerning each of the acts and omissions identified above, as applicable and as the evidence will reveal.

The above acts and/or omissions of negligence, singularly or in combination, proximately caused the occurrence in question and the injuries and damages sustained by your Plaintiff. Discovery is at its infancy in this case. Further information and evidence on these issues are, at this time, within the knowledge of Defendant(s) and not Plaintiff(s). However, this information can and will be obtained through legal discovery efforts that may possibly require additional or different allegations. Plaintiff(s) reserves the right to amend and/or supplement as allowed by the Texas Rules of Civil Procedure.

8. As a result of the acts and/or omissions that caused the injuries and damages referenced above, your Plaintiff, Mario A. Velazquez, alleges that he sustained physical injuries and damages from which he now suffers and in all probability will continue to suffer

into the future in terms of physical pain, mental anguish, physical impairment, disfigurement, loss of earning capacity and the incurring of medical and hospital bills and expenses in the past and in the future and he therefore sues in an amount within the minimum jurisdictional limits of the Court, over $1,000,000.00.

9. The Plaintiff also sues for pre-judgment and post-judgment interest on the items of damages allowed by law.

10. Plaintiff demands a trial by jury on this case.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited in terms of law and that upon final hearing Plaintiff does have of, from and against Defendants for his damages in an amount in excess of the minimum jurisdictional limits of this Court, for pre-judgment and post-judgment interest, trial by jury, costs of court and for such other and further relief, general and special, in law and in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,
LAW OFFICE OF GENE S. HAGOOD
1520 E. Highway 6
Alvin, Texas 77511
(281)331-5757
Fax: (281)331-1105
Email: firm@h-nlaw.com

BY: /s/ Gene S. Hagood
GENE S. HAGOOD
SBOT # 08698400
Attorney for Plaintiff

NO. 2016CVT001607 D2

| | | |
|---|---|---|
| MARIO A. VELAZQUEZ | § § | IN THE DISTRICT COURT OF |
| VS. | § § | WEBB COUNTY, TEXAS |
| RUBEN DE LA ROSA MARTINEZ D/B/A CRUCES INTERNACIONALES MARTINEZ AND JUAN ALFONSO ALVARADO AMADOR | § § § § § | 111TH JUDICIAL DISTRICT |

### ORDER AUTHORIZING SUBSTITUTED SERVICE OF CITATION UNDER RULE 106

BE IT REMEMBERED that on this day came on to be heard the application of Plaintiff in the above styled and numbered cause for authority to serve the Defendants, Ruben De La Rosa Martinez d/b/a Cruces Internacionales Martinez and Juan Alfonso Alvarado Amador, by serving their insurance company by substituted service as provided by Rule 106 of the Texas Rules of Civil Procedure.

It appears to the Court from the verified Motion for Alternate Service of Citation heretofore filed by Plaintiff that it is impractical to secure personal service of Citation on the Defendants, and that such Motion should be GRANTED. It is therefore,

**ORDERED** that service of Citation on the Defendants be made by serving the Citation, together with a copy of Plaintiff's Original Petition, on Commercial Alliance Insurance Co., 415 Lockhaven Dr., Houston, Texas 77073.

SIGNED on this the 10TH day of July, 2016.

JUDGE PRESIDING