IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| MARIO A. VELAZQUEZ, § § | |
| v. § § | |
| RUBEN DE LA ROSA MARTINEZ D/B/A CRUCES INTERNACIONALES MARTINEZ and JUAN ALFONSO ALVARADO AMADOR, § § § § § § | CIVIL ACTION NO. 5:16-cv-00238 |
| v. § § | |
| BENTELER AUTOMOTIVE – MEXICO and BENTELER AUTOMOTIVE CORPORATION § § § § § | |
| v. § § | |
| ALLIED PLASTICS, INC., FORMING TECHNOLOGIES, LLC and PACKAGING CONCEPTS & DESIGN, LLC § § § § § | |

**DEFENDANT PACKAGING CONCEPTS & DESIGN, LLC'S
ANSWER TO BENTELER DEFENDANTS' THIRD-PARTY COMPLAINT**

Pursuant to the Federal Rules of Civil Procedure, Third-Party Defendant, Packaging Concepts & Design, LLC ("PC&D"), files this answer to the Defendants/Third-Party Plaintiffs, Benteler Automotive Corporation ("Benteler") and Benteler de Mexico S.A. de C.V. Mexico/Puebla's ("Benteler-Mexico") (collectively referred to as "Benteler Defendants" or "Third-Party Plaintiffs") Third-Party Complaint (Doc. No. 195) (the "Complaint"), and would respectfully state the following:

### A. **Parties**

1. PC&D lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations in Paragraph 1 of Benteler Defendants' Third-Party Complaint, and therefore denies them.

2. PC&D lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations in Paragraph 2 of Benteler Defendants' Third-Party Complaint, and therefore denies them.

3. PC&D lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations in Paragraph 3 of Benteler Defendants' Third-Party Complaint, and therefore denies them.

4. PC&D lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations in Paragraph 4 of Benteler Defendants' Third-Party Complaint, and therefore denies them.

5. PC&D lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations in Paragraph 5 of Benteler Defendants' Third-Party Complaint, and therefore denies them.

6. PC&D admits the allegations in Paragraph 6 of the Third-Party Complaint.

### B. **Jurisdiction**

7. PC&D lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations in Paragraph 7 of Benteler Defendants' Third-Party Complaint, and therefore denies them.

### C. Venue

8. PC&D lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations in Paragraph 8 of Benteler Defendants' Third-Party Complaint, and therefore denies them.

### D. Factual Background

9. PC&D lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations in Paragraph 9 of Benteler Defendants' Third-Party Complaint, and therefore denies them.

10. PC&D admits that Plaintiff's Third Amended Complaint (Doc. No. 192) contains allegations as generally set forth in Paragraph 10 of Benteler Defendants' Third-Party Complaint. With respect to the underlying truth or falsity of such allegations, PC&D is without sufficient information to form a belief as to the truth of the allegations in Paragraph 10 of Benteler Defendants' Third-Party Complaint, and therefore denies them.

11. PC&D admits that Plaintiff's Third Amended Complaint (Doc. No. 192) and that the Benteler Defendants' Answers (Doc. Nos. 106 and 108) contain allegations as generally set forth in Paragraph 11 of Benteler Defendants' Third-Party Complaint. With respect to the underlying truth or falsity of such allegations, PC&D is without sufficient information to form a belief as to the truth of the allegations in Paragraph 11 of Benteler Defendants' Third-Party Complaint, and therefore denies them.

12. PC&D admits that Plaintiff's Third Amended Complaint (Doc. No. 192) contains allegations as generally set forth in Paragraph 12 of Benteler Defendants' Third-Party Complaint. With respect to the underlying truth or falsity of such allegations, PC&D is without sufficient information to form a belief as to the truth of the allegations in Paragraph 12 of Benteler Defendants' Third-Party Complaint, and therefore denies them.

13. PC&D admits that Plaintiff's Third Amended Complaint (Doc. No. 192) contains allegations as generally set forth in Paragraph 13 of Benteler Defendants' Third-Party Complaint. With respect to the underlying truth or falsity of such allegations, PC&D is without sufficient information to form a belief as to the truth of the allegations in Paragraph 13 of Benteler Defendants' Third-Party Complaint, and therefore denies them.

14. As PC&D has had no opportunity to inspect or evaluate the "subject 'termos' that are the basis of Plaintiff's… claims," PC&D is without sufficient information to form a belief as to the truth of the allegations in Paragraph 14 of Benteler Defendants' Third-Party Complaint which are directed or pertain to it individually, and therefore denies them. With respect to the remaining allegations directed or pertaining to other parties, PC&D is without sufficient information to form a belief as to the truth of such allegations, and therefore denies them.

### E. Count-Products Liability Defense and Indemnity

15. PC&D specifically and generally denies the allegations in Paragraph 15 of Benteler Defendants' Third-Party Complaint which are directed or pertain to it

individually. With respect to the remaining allegations directed or pertaining to other parties, PC&D is without sufficient information to form a belief as to the truth of such allegations, and therefore denies them.

16. Paragraph 16 of Benteler Defendants' Third-Party Complaint appears to contain no allegation of fact which require a response. To the extent a response is required, PC&D denies the allegations.

17. As PC&D has had no opportunity to inspect or evaluate the "subject 'termos' that are the basis of Plaintiff's… claims," PC&D is without sufficient information to form a belief as to the truth of the allegations in Paragraph 17 of Benteler Defendants' Third-Party Complaint which are directed or pertain to it individually, and therefore denies them. With respect to the remaining allegations directed or pertaining to other parties, PC&D is without sufficient information to form a belief as to the truth of such allegations, and therefore denies them. PC&D specifically denies that the Benteler Defendants are "sellers" of the "termos" as defined by TEX. CIV. PRAC. & REM. CODE ANN. § 82.001(3) and specifically denied that the Benteler defendants "did not modify or alter the product in question, the 'termos,' in any way."

18. PC&D admits that Plaintiff's Third Amended Complaint (Doc. No. 192) contains allegations as generally set forth in Paragraph 18 of Benteler Defendants' Third-Party Complaint. With respect to the underlying truth or falsity of such allegations, PC&D specifically and generally denies the allegations which are directed or pertain to it individually. With respect to the remaining allegations

directed or pertaining to other parties, PC&D is without sufficient information to form a belief as to the truth of such allegations, and therefore denies them.

19.     As PC&D has had no opportunity to inspect or evaluate the "subject 'termos' that are the basis of Plaintiff's… claims," PC&D is without sufficient information to form a belief as to the truth of the allegation that it "manufactured the subject 'termos'" in Paragraph 19 of Benteler Defendants' Third-Party Complaint, and therefore denies the allegation to the extent that it is directed or pertains to it individually.  With respect to the remaining allegations directed or pertaining to other parties, PC&D is without sufficient information to form a belief as to the truth of such allegations, and therefore denies them.  PC&D specifically denies that it owes a duty to indemnify the Benteler Defendants under Chapter 82 of the TEX. CIV. PRAC. & REM. CODE.

### F.     Prayer

20.     PC&D specifically denies that the Benteler Defendants' are entitled to any recovery or relief requested in Third-Party Plaintiffs' prayer for relief.

21.     PC&D specifically and generally denies the allegations set forth in any unnumbered or mis-numbered paragraphs, as well as any allegations not specifically addressed above.

### G.     Affirmative Defenses

22.     Pleading further, alternatively, and by way of affirmative defense, PC&D asserts that Third-Party Complaint fails to state a claim or cause of action against PC&D upon which relief can be granted.

23. Pleading further, alternatively, and by way of affirmative defense, PC&D asserts that all or part of the claims asserted in the Third-Party Complaint are barred by the applicable statute of limitations.

24. Pleading further, alternatively, and by way of affirmative defense, PC&D asserts that all or part of the claims asserted in the Third-Party Complaint are barred by laches or estoppel.

25. Pleading further, alternatively, and by way of affirmative defense, PC&D asserts that Third-Party Plaintiffs have failed to give reasonable notice as required by TEX. CIV. PRAC. & REM. CODE ANN. § 82.002(f).

26. Pleading further, alternatively, and by way of affirmative defense, PC&D asserts that Third-Party Plaintiffs are not "sellers" as defined by TEX. CIV. PRAC. & REM. CODE ANN. § 82.001(3).

27. Pleading further, alternatively, and by way of affirmative defense, PC&D asserts that any product it supplied to Third-Party Defendants complied with all mandatory safety standards or regulations adopted and promulgated by the federal government, or an agency of the federal government, and/or that it complied with all applicable governmental or agency procedures and requirements with respect to pre-market licensing or approval, all as set forth in TEX. CIV. PRAC. & REM. CODE ANN. § 82.008.

28. Pleading further, alternatively, and by way of affirmative defense, PC&D asserts that the "subject 'termos' that are the basis of Plaintiff's… claims" have ben substantially altered, altered or modified by Third-Party Defendants.

29.     Pleading further, alternatively, and by way of affirmative defense, PC&D would state that in the unlikely event that an adverse judgment would be rendered against it, PC&D would respectfully request all available credits and/or offsets as provided by the TEX. CIV. PRAC. & REM. CODE and Texas law.

30.     Pleading further, alternatively, and by way of affirmative defense, PC&D asserts that in addition to any other limitation under law, Plaintiff Mario A. Velazquez's ("Plaintiff") recovery of medical or health care expenses, if any, should be limited to the amount actually paid or incurred by or on behalf of Plaintiff, pursuant to Section 41.0105 of the TEX. CIV. PRAC. & REM. CODE.

31.     Pleading further, alternatively, and by way of affirmative defense, PC&D asserts that pursuant to the Patient Protection and Affordable Care Act ("ACA") and common-law, Plaintiff has a duty to mitigate the amount of future damages for medical care by purchasing a health insurance policy no later than March 31, 2014 in accordance with the Individual Mandate prescribed in 26 U.S.C. § 5003A et. seq. Further, PC&D's potential liability for future medical care should be limited to the amounts not covered under the ACA for co-pays and deductibles. In the alternative, if Plaintiff has purchased a health insurance policy pursuant to the Individual Mandate, Plaintiff's future medical expenses should be limited to the amount the ACA will actually pay for medical expenses and not the full retail cost of future medical care.

32.     Pleading further, alternatively, and by way of affirmative defense, PC&D asserts that Plaintiff's damages, if any, were solely caused by the conduct of

other parties, including Plaintiff, or alternatively, that the conduct of other parties, including Plaintiff, was an intervening and/or superseding cause of Plaintiff's damages. Therefore, PC&D is not liable for such damages.

33. Pleading further, alternatively, and by way of affirmative defense, PC&D asserts that any damages sought to be recovered by Plaintiff or Benteler Defendants should be reduced to the extent that Plaintiff has failed to mitigate his claimed damages and failed to take the reasonable steps that a person of ordinary prudence in a similar situation would have taken to avoid the damages claimed by Plaintiff.

34. Pleading further, alternatively, and by way of affirmative defense, PC&D invokes Section 18.091 of the TEX. CIV. PRAC. & REM. CODE requiring that Plaintiff prove his alleged loss of earnings and/or loss of earning capacity in a form that represents his net loss after reduction for income tax payments or unpaid tax liability. Additionally, PC&D requests that the Court instruct the jury as to whether any recovery for compensatory damages sought by the Plaintiff is subject to federal and state income taxes.

35. PC&D hereby gives notice that it intends to rely upon such other defenses or denials, affirmative or otherwise, and to assert third-party claims and any other claims, as may become available or appear during discovery as it proceeds in this matter, and hereby reserves the right to amend its Answer to assert such defenses.

### H. PC&D's Jury Demand

36. PC&D hereby demands a jury trial pursuant to Federal Rule of Civil Procedure 38.

### I. PC&D's Prayer

37. For these reasons, PC&D, prays that Plaintiff and Benteler Defendants take nothing by their suit against it, that PC&D, be awarded all costs and expenses incurred on its behalf, and for such other and further relief, both at law or in equity, to which it may show itself justly entitled.

>
> Respectfully submitted,
>
> **MAYER LLP**
> 750 N. St. Paul Street, Suite 700
> Dallas, Texas 75201
> 214.379.6900 / Fax: 214.379.6939
>
> By:     */s/ Zach T. Mayer*
>         **Zach T. Mayer**
>         *Lead Attorney*
>         Texas State Bar No. 24013118
>         Southern Federal ID: 604832
>         Email: zmayer@mayerllp.com
>         **Wesley S. Alost**
>         Texas State Bar No. 24027192
>         Southern Federal ID: 29761
>         Email: walost@mayerllp.com
>
> **ATTORNEYS FOR THIRD-PARTY DEFENDANT PACKAGING CONCEPTS & DESIGN, LLC**

## CERTIFICATE OF SERVICE

  This is to certify that on this the 5th day of July 2019 a true and correct copy of the foregoing instrument is being served on all counsel of record via the Court's Electronic Case Filing system, as follows:

**Via ECF: firm@h-nlaw.com; jessie@h-nlaw.com**
Gene Stuart Hagood
Jessie Joyce Ormand
LAW OFFICES OF GENE S. HAGOOD
Attorney at Law
1520 E Hwy 6
Alvin, Texas 77511

*Attorney for Plaintiff*
*Mario A. Velazquez*

**Via ECF:**
**edelossantos@bakerdonelson.com**
**kstatman@bakerdonelson.com;**
**jcorbitt@bakerdonelson.com**
Eddy De Los Santos
Katriel C. Statman
Jordan Tyler Corbitt
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWTIZ, P.C.
1301 McKinney Street, Suite 3700
Houston, Texas 77010

*Attorneys for Defendant,*
*Benteler de Mexico S.A. de C. V. Mexico I Puebla*

**Via ECF: cpeterson@lopezpeterson.com;**
**jmaldonado@lopezpeterson.com**
Christopher C. Peterson
Joe Maldonado, Jr.
LOPEZ PETERSON, PLLC
101 W. Hillside, Suite 1
Laredo, Texas 78041

*Attorney for Defendant*
*Benteler Automotive Corporation*

**Via ECF: ajames@hodgejames.com;**
**mjilpas@hodgejames.com**
Anthony B James
Marco A. Jilpas
HODGE & JAMES, LLP
PO Box 534329
1617 E. Tyler Avenue, Suite A
Harlingen, Texas 78550

*Attorney for Juan Alfonso Alvarado Amador*
*Ruben De La Rosa Martinez*

**Via ECF:**
**bbrown@donatominxbrown.com**
Robert D. Brown
DONATO, MINX, BROWN & POOL, P.C.
3200 Southwest Freeway, Ste. 2300
Houston, Texas 77027

*Attorney for Third-Party Defendant*
*Allied Plastics, Inc.*

            /s/ Zach T. Mayer
             Zach T. Mayer